IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL SHIRLEY,                )
                                )
            Petitioner,          )
                                )
      v.                        )    1:05CV238
                                )    1:99CR69-1
UNITED STATES OF AMERICA,       )
                                )
            Respondent.          )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner Michael Shirley, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to illegal re-entry by a deported alien, but went to trial on a drug conspiracy charge and was convicted. (Docket nos. 34, 84; docket entry dated 8/19/99 (criminal case)) The court sentenced him to life in prison. (Id. docket no. 139)

Petitioner appealed to the Fourth Circuit. That court vacated petitioner's sentence and remanded the case for re-sentencing. (Id. docket nos. 163, 164) The court re-sentenced petitioner on September 27, 2002, to 318 months in prison. (Id. docket no. 182) Petitioner appealed again to the Fourth Circuit which affirmed the judgment on February 17, 2004. (Id. docket nos. 221, 222)

Petitioner then filed this section 2255 motion. (Docket no. 1)[1] He raises two grounds for relief. Petitioner alleges that his sentence is in violation of United States v. Booker, __ U.S. __,

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Id. at 4) Petitioner also contends that he received ineffective assistance of counsel at trial, sentencing, and on appeal. (Id.) Respondent has responded to the motion. (Docket no. 5) Petitioner has filed a reply brief. (Docket no. 9) The matter is now ready for ruling.

## DISCUSSION

Petitioner argues that he should be re-sentenced under Blakely and Booker. (Docket no. 1 at 4) His conviction became final in May 2004, because he did not file a petition for writ of certiorari after his second appeal. Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); docket nos. 221, 222. Booker applied the holding in Blakely to the federal sentencing guidelines, but this did not occur until 2005. For any relief to be granted, therefore, Booker would have to be applied retroactively. However, this cannot be done. See Booker, 125 S.Ct. 738 (decision to be applied only to cases not yet final when decision issued); see also Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (Ring and a fortiori Apprendi does not apply retroactively on habeas review). Accordingly, no relief can be given under either Booker or Blakely. Petitioner's first ground for relief should be dismissed.

Petitioner's second ground for relief is based on ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys

-2-

Case 1:05-cv-00238-NCT-RAE   Document 10   Filed 10/20/05   Page 2 of 7

and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), cert. denied, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

Petitioner contends that counsel failed to object to his being sentenced to a more severe sentence than he should have been. He states that he was convicted of a multiple drug conspiracy (cocaine and crack), where the government failed to seek a special verdict, and that counsel allowed the burden of proof to be shifted to him. (Docket no. 1 at 4)  Petitioner does not explain how the burden of proof was shifted.  He contends that because of the lack of a special verdict, he must be re-sentenced as if he distributed only the drug carrying the lowest penalty. (Docket no. 9 at 3) In other words, petitioner believes that his guideline sentence must be determined considering only a powder cocaine conspiracy. (Docket no. 1, attached memo. at 8)

The record shows that petitioner was convicted of a multi-drug conspiracy (powder and crack cocaine). It also confirms that no

-3-

special verdict was sought by the government. In such cases, the Fourth Circuit has held that the court is prohibited "from imposing a sentence in excess of the statutory maximum for the least-punished object on which the conspiracy conviction could have been based." United States v. Rhynes, 206 F.3d 349, 380 (4th Cir. 1999). Petitioner, however, relies on Rhynes and similar cases to argue that his guideline sentence must be determined using the same rule. (Docket no. 1, attached memo. at 8) In other words, he takes the rule as to the statutory maximum sentence and seeks to apply it to his guideline sentence. The cases do not support Petitioner's argument, however.

The Rhynes case speaks to the statutory maximums for the offenses rather than the guideline sentences. Rhynes, 206 F.3d at 380-81. This is apparent not only from the words of that decision but also from the cases relied upon such as Edwards v. United States, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998). In Edwards, the defendants were convicted on a general verdict of a conspiracy to distribute both cocaine and cocaine base. 523 U.S. at 512-13. The Supreme Court rejected the defendants' argument that the district court had erred by sentencing them under the more stringent sentencing guidelines applicable to cocaine base. (Id. at 513-14) The sentences arrived at under the guidelines had not exceeded the statutory maximum for a cocaine-only conspiracy. (Id. at 515) The Court noted that "regardless of the jury's actual, or assumed, beliefs about the conspiracy, the Guidelines nonetheless require the judge to determine whether the 'controlled substances'

-4-

at issue—and how much of those substances—consisted of cocaine, crack, or both."  (Id. at 514)  Accordingly, the Court clearly endorsed basing the guideline sentence on relevant conduct which may involve drugs other than the drug with the lowest penalty found in the indictment.

Petitioner here is making the same argument as the defendants in Edwards.  It must be rejected.  The Fourth Circuit, on his first appeal, determined that his statutory maximum sentence was thirty years on his drug count.  This was because the usual twenty-year maximum sentence under 21 U.S.C. § 841(b)(1)(C) was enhanced due to the government's filing of an information of prior conviction.  (Docket no. 163, slip op. at 5)  His sentence of 318 months falls below that 360 months statutory maximum.  The district court could properly base petitioner's guideline sentence on both crack and powder cocaine.  Counsel therefore had no basis to object at any stage of the proceedings, and petitioner cannot show any resulting prejudice from a failure to object.  He has therefore failed to establish ineffective assistance of counsel.  See Strickland, 466 U.S. 668.  This ground for relief should be dismissed.

The government points out that in petitioner's memorandum he alleges that "appellate counsel failed to raise the argument as to a 'multiple' drug conspiracy under the plain error standards." (Docket no. 1, attached memo. at 9)  The government argues that because no supporting facts were presented for that claim it should be dismissed.  (Docket no. 5 at 10)  The court agrees that to the

extent this is a different argument than that addressed above, it does not merit any relief.  See Nickerson, 971 F.2d at 1136.

Finally, in his reply brief, petitioner adds a claim that counsel failed to object to any drug quantities attributed to him based on the testimony of government witness Winston Simpson. (Docket no. 9 at 4)  He contends that counsel should have moved to strike Simpson's testimony.  (Id.)  The transcript of petitioner's re-sentencing shows that counsel argued extensively that Mr. Simpson's testimony should not be found credible.  (Tr. of re-sentencing at 10-17)  The court took a recess and reviewed this testimony and, after hearing testimony from petitioner, concluded that the amounts of drugs were credibly shown by the evidence which included testimony from Mr. Simpson.  (Id. at 53)  The court stopped calculating the drug amount after adding up the crack cocaine amounts for which petitioner should be held responsible, which was based partially on Mr. Simpson's testimony, and did not include the powder cocaine amounts about which Mr. Simpson testified.  (Id. at 53-54)  Accordingly, the record shows that counsel reasonably attacked Mr. Simpson's testimony.  Petitioner has failed to show that any of the testimony relied upon was false. He has failed to show that there is a reasonable probability that any other action by counsel regarding Mr. Simpson's testimony would have changed the outcome of his trial or sentencing hearing.  This claim should therefore be dismissed.  See Strickland, 466 U.S. 668.

Case 1:05-cv-00238-NCT-RAE   Document 10   Filed 10/20/05   Page 6 of 7

**IT IS THEREFORE RECOMMENDED** that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

```
                              /s/ Russell A. Eliason
                           United States Magistrate Judge
```

October 20, 2005